**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

LARRY NIEDERSTADT, ROSE GUILEZ,
and ALAN DUFFY,

     Plaintiffs,

v.                                                        No. 2:16-cv-0255 SMV/CG

PRESTON ELDRIDGE and
JOHN DOES #1 THROUGH #3,

     Defendants.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND GRANTING DEFENDANT'S MOTION TO SET ASIDE STATE COURT ENTRY OF DEFAULT**

THIS MATTER is before the Court on Defendant Eldridge's Motion to Set Aside Default Judgment[1] [Doc. 1-1] at 25–28, filed April 5, 2016, and on Plaintiffs' Motion to Remand [Doc. 6], filed April 12, 2016. Briefing is complete on both of these motions.[2] The parties consented to the undersigned. [Docs. 3, 5]. On review of the relevant briefing, record, and law, and being otherwise fully advised in the premises, the Court will deny Plaintiffs' Motion to Remand and grant Defendant's Motion to Set Aside Default Judgment.

---

[1] Though Defendant's filing is styled as a "Motion to Set Aside Default Judgment," it is actually a motion to set aside the entry of default. *See* [Doc. 1-1] at 25.

[2] Plaintiff responded to the motion to set aside default judgment on April 25, 2016. [Doc. 9]. Defendant replied on May 2, 2016. [Doc. 11]. Defendant filed an Errata containing a page that was mistakenly omitted from his reply on May 23, 2016. [Doc. 15]. Defendant responded to the Motion to Remand on April 26, 2016. [Doc. 10]. Plaintiffs did not reply, and the time for doing so has passed.

**Background**

Plaintiffs filed a Complaint in state court on September 11, 2014, alleging a violation of the Fourth Amendment by Defendant, a law enforcement officer working in Otero County, New Mexico. [Doc. 1-1] at 1–5. The clerk of the state court issued the summons on September 15, 2014. *Id*. at 10. Two months later, Plaintiffs filed a motion for service by publication, stating that:

> Personal service upon defendant has been unsuccessful, due to a divorce, and the defendant leaving the family home. Upon information obtained, the defendant lives somewhere in and around Sacramento, NM. Personal service upon defendant in this area of Sacramento, NM., has been unsuccessful. Upon calling the Sherriff's Department to inquire about service of process, this office was told the Sheriff's office no longer serves civil process. . . . service by mail is not possible, with no address to mail service. Service by publication is the only way to obtain service upon the defendant.

*Id*. at 13 (numbering omitted). Plaintiffs did not attempt to serve Defendant at his place of employment. *Id*. at 26. Nevertheless, the state court granted Plaintiffs' motion for service by publication on December 4, 2014. *Id*. at 16.

The following notice was published on January 9, 16, 23, and 30, 2015, in the Alamogordo Daily News:

> TO PRESTON ELDRIDGE
> PLEASE TAKE NOTICE that the Plaintiffs have filed a Complaint wherein you are named as a Defendant. YOU ARE HEREBY NOTIFIED that the general object of this action is for CIVIL RIGHTS VIOLATIONS. Please take further notice that if you intend to contest this action, you must respond to the Complaint by and you must respond by March 2, 2015. Failure to respond within the time shall be treated as a default and default judgment will be submitted to the Court.

*Id*. at 17–18.  The notice also included the case caption and the name and contact information for Plaintiffs' attorney.  *Id*.

Defendant did not answer, and Plaintiffs filed an Application for Default Judgment on April 16, 2015.  *Id*. at 20.  The clerk of the state court entered default on the same day.  *Id*. at 21.  The state court set a hearing on damages for March 30, 2016, at 1:30 p.m.  *Id.* at 24.  Defendant says that he did not learn of the hearing until the morning of March 30, when an acquaintance, an attorney, noted Defendant's name in the day's docket and contacted him.  [Doc. 1] at 3; [Doc. 10] at 10.  At 11:48 a.m. that day, Defendant filed a Motion to Set Aside Default Judgment, alleging that Defendant had not been aware of the lawsuit because of improper service of process.  [Doc. 1-1] at 25–27.

Defendant filed a Notice of Removal in this Court on April 5, 2016, six days after he learned of the "nature and extent" of Plaintiffs' claims.  [Doc. 1] at 3.  Plaintiffs filed a motion to remand to state court on April 12, 2016, [Doc. 6], and responded to Defendant's Motion to Set Aside Default Judgment on April 25, 2016, [Doc. 9].  Defendant replied on May 2, 2016.  [Doc. 11].[3]  Plaintiffs did not file a reply in their Motion to Remand.

**Analysis**

Plaintiffs ask the Court to remand this case to state court, leaving in place the state court's entry of default.  They argue that Defendant was properly served by publication and that his notice of removal to this Court is more than a year late.  [Doc. 6] at 1.  Defendant, on the other hand, asks the Court to set aside the state court entry of default and allow the case to proceed in federal court.  He argues that because he was not properly served, the 30-day clock

---

[3] Defendant also filed an Errata to his Reply on May 23, 2016.  [Doc. 15].  The Errata contained a page that was mistakenly omitted from his Reply.  [Doc. 15-1].

for removal did not begin to run until he learned of the lawsuit on March 30, 2016, making his April 5, 2016, notice of removal timely.  [Doc. 11].

## Motion to Remand

28 U.S.C. § 1446(b) requires a notice of removal to be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b). The Supreme Court, in *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, interpreted this provision, and held that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process."  526 U.S. 344, 347 (1999); *see also Jenkins v. MTGLQ Inv'rs*, 218 F. App'x 719 (10th Cir. 2007) (unpublished) (holding that, because defendant had never been properly served, defendant's notice of removal was timely even though it came eight months after plaintiff filed his complaint and three months after the entry of default judgment); *Sawyer v. USAA Ins. Co.*, 839 F. Supp. 2d 1189, 1224 (D.N.M. 2012) (denying plaintiff's motion to remand and setting aside state court default judgment under Rule 60(b) because plaintiff did not properly serve defendants).   Thus, in order to decide if the case should be remanded, the Court must determine whether Defendant was properly served.

Federal law governs removed cases. *Granny Goose Foods, Inc. v. Teamsters Local 70,* 415 U.S. 423, 437 (1974).  However, "federal courts in removed cases look to the law of the forum state . . . to determine whether service of process was perfected prior to removal." *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010).

The New Mexico rules establish a hierarchy of methods for service of process on an individual. *See Edmonds v. Martinez,* 2009-NMCA-072, 146 N.M. 753; Committee Commentary on Rule 1-004 NMRA ("A hierarchy of methods of service has been established. In some cases, a listed method of service cannot be used until other methods of service are attempted unsuccessfully."). First, service must be attempted on the individual personally. Rule 1-004(F)(1) NMRA. Second, it must be attempted on "some person residing at the usual place of abode of the defendant" *and* sent by first class mail to "the defendant's last known mailing address." Rule 1-004(F)(2) NMRA. Third, service may be attempted by delivering *and* mailing a copy of the process to the defendant's "actual place of business or employment." Rule 1-004(F)(3) NMRA. Finally, service by publication is allowed "upon motion, without notice, and [a] showing by affidavit that service cannot reasonably be made as provided by this rule." Rule 1-004(J) NMRA; *see also Moreno v. Taos Cty. Bd. of Comm'rs*, 778 F. Supp. 2d 1139, 1142−43 (D.N.M. 2011) (finding that defendant was not properly served when plaintiff did not follow the hierarchy for service of process established by the New Mexico rules).

Plaintiffs stated in their Motion for Service by Publication that they could not have personally served Defendant, left the service at his home, or mailed it to him because Defendant had left the family home due to a divorce. [Doc. 1-1] at 13. Plaintiffs' motion was unaccompanied by an affidavit as required by Rule 1-004(J). Plaintiffs did not allege that they attempted to serve defendant at his place of employment. This failure is particularly difficult to stomach considering that this case is about Defendant's actions as a law enforcement officer. *See id*. at 3. That is, it is not as if Defendant's place of employment was unknown to Plaintiffs at the time they were attempting to serve him. Further, Defendant's place of employment is located

approximately 150 yards from Plaintiffs' counsel's office.  Because Defendant was not properly served and did not find out about the lawsuit until March 30, 2016, his April 5, 2016, notice of removal was timely.  Plaintiffs' motion to remand will be denied.

### Motion to Set Aside Entry of Default

Defendant asks the Court to set aside the state court's entry of default.  [Doc. 1-1] at 25–28.  Under Rule 55(c), the Court may set aside an entry of default "for good cause."  Fed. R. Civ. P. 55(c).[4]  The good cause required by Rule 55(c) for setting aside an entry of default is less than the excusable neglect that must be shown for relief from a judgment of default under Rule 60(b). *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997). "In deciding whether to set aside an entry of default, courts may consider, among other things, 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) (unpublished), quoting *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992).

It is well established that "[t]he preferred disposition of any case is upon its merits and not by default judgment" although "this judicial preference is counterbalanced by considerations of social goals, justice, and expediency." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).  Ultimately, the factors a court considers should be liberally applied in favor of setting aside the entry of default to allow a determination on the merits.  *See Enron Oil Corp. v.*

---

[4] Rule 55(c) also indicates that the court may set aside a default judgment under Rule 60(b). However, because the state court entry of default did not constitute a final judgment, it was not the type of default judgment subject to Rule 60(b) that is referenced in Rule 55(c). *See, e.g., Fed. Deposit Ins. Corp. v. Francisco Inv. Corp.*, 873 F.2d 474, 478 (1st Cir. 1989) (although a "cursory reading" of Rule 55(c) "seems to mandate the application of the stricter standards of Rule 60(b) to all requests to set aside default judgments," Rule 60(b)'s standards "were tailored for setting aside *final* judgments.") (emphasis in original).

*Diakuhara*, 10 F.3d. 90, 97 (2d Cir. 1993) ("[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party. In other words, 'good cause' . . . should be construed generously.").

As to the first factor, there is nothing in the record to suggest that Defendant willfully failed to participate in the lawsuit in any way. Plaintiffs have not suggested that Defendant was attempting to evade service. Their motion for publication stated that Defendant left the family home because of a divorce, and it did not imply that Defendant was attempting to avoid personal service. [Doc. 1-1] at 13. Defendant has not shown—and Plaintiffs have not alleged—a willful or flagrant disregard for the Court. This factor weighs in favor of setting aside the state court's entry of default.

As to the second factor, there is little in the record to suggest that Plaintiffs would be prejudiced if this case went forward in this Court. Plaintiffs likely incurred some expense when attempting to serve Defendant, and it has been over a year since the entry of default. While the Court is mindful of the expense and considerable delay, it is not as if Defendant began engaging in this case and then abandoned it. No scheduling order had issued and discovery had not begun. Because Plaintiffs' prejudice will be minimal, this factor weighs in favor of setting aside the entry of default.

As to the third factor, Defendant's motion to set aside default refers to his intention to argue that he is entitled to qualified immunity. [Doc. 1-1] at 27. Because this is an action under 42 U.S.C. § 1983, it is entirely conceivable that qualified immunity could be a meritorious defense. This factor also weighs in favor of setting aside the entry of default.

Considering these three factors, the Court's preference for resolving disputes on their merits, and Defendant's prompt action in this case once he became aware of it, the Court finds that there is good cause to set aside the entry of default. Defendant's motion will be granted.

## Conclusion

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand [Doc. 6] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Set Aside Default Judgment [Doc. 1-1] at 25–28 is hereby **GRANTED.**

**IT IS FURTHERED ORDERED** that Defendant shall respond to the Complaint no later than **June 22, 2016**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**