**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**LARRY NIEDERSTADT, ROSE GUILEZ,**
**and ALAN DUFFY,**

      **Plaintiffs,**

v.                                                                   No. 16-cv-0255 SMV/CG

**PRESTON ELDRIDGE and**
**JOHN DOES #1 THROUGH #3,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT ELDRIDGE'S MOTION TO DISMISS AND**
**GRANTING PLAINTIFFS LEAVE TO AMEND THEIR COMPLAINT**

THIS MATTER is before the Court on Defendant Eldridge's Motion to Dismiss for Failure to State a Claim ("Motion") [Doc. 19], filed June 21, 2016. Plaintiffs responded on July 18, 2016. [Doc. 22]. Defendant replied [Doc. 25] and filed a Notice of Briefing Complete [Doc. 26] on August 1, 2016. No hearing is necessary because the Motion can be decided on the briefing. The Court has considered the briefing and the relevant law and, being fully advised in the premises, finds that the motion is not well-taken and will be denied without prejudice. The Court will grant Plaintiffs leave to amend their complaint by **September 6, 2016**. Defendant will be permitted to renew his Motion after Plaintiffs amend their Complaint. If Plaintiffs fail to timely amend their Complaint, this case will be subject to dismissal without prejudice.

## Background

Plaintiffs initially filed their Complaint in state court on September 11, 2014, alleging violations of the Fourth Amendment by Defendant Eldridge and three John Doe defendants.[1] [Doc. 1-1] at 1–5. Defendant Eldridge did not answer the Complaint, and the clerk of the state court entered default on April 16, 2015. *Id*. at 21. Defendant filed a Notice of Removal and a motion to set aside the entry of default in this Court on April 5, 2016, six days after he learned of the "nature and extent" of Plaintiffs' claims. [Doc. 1] at 3. Plaintiffs filed a motion to remand to state court on April 12, 2016. [Doc. 6]. The Court granted Defendant's motion to set aside the state court entry of default and denied Plaintiffs' motion to remand on June 1, 2016. [Doc. 19]. Defendant now moves for dismissal under Fed. R. Civ. P. 12(b)(6) because, he argues, the Complaint does not state a claim upon which relief can be granted. [Doc. 19] at 2. In response, Plaintiffs argue that because the complaint's allegations against Defendant are clear, the Motion should be denied. [Doc. 22] at 5. Alternatively, Plaintiffs request leave to amend their complaint. *Id*.

## Standard for Rule 12(b)(6) Motions to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). With respect to the Rule 12(b)(6) motion, plausibility means that the plaintiff must plead facts that allow "the court to draw the reasonable inference that the defendant[s] [are] liable for the

---

[1] The intervening attempts to serve Defendant Eldridge are discussed at length in the Court's June 1, 2016 Order Denying Plaintiffs' Motion to Remand and Granting Defendant's Motion to Set Aside State Court Entry of Default. [Doc. 19]. Those attempts are irrelevant to the Motion currently before the Court.

misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663. The factual allegations in the complaint against defendants "must be enough to raise a right to relief above the speculative level." *Christy Sports, L.L.C v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).

The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," because "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotations omitted). "[A] plaintiff must 'nudge [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (citation omitted).

Stated differently, the Rule 12(b)(6) analysis requires two inquiries. First, courts identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations that are legal conclusions, bare assertions, or merely conclusory. *Iqbal*, 556 U.S. at 678. Second, courts consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 680–81. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *See id.* at 682–83. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Id.* at 678.

**Analysis**

Plaintiffs' Complaint contains one count entitled "Violation of the 4th Amendment" [Doc. 1-1] at 1. It identifies Defendant Eldridge and John Does #1 and #2 as law enforcement officers, and John Doe #3 as a confidential informant. *Id*. Generally speaking, the Complaint alleges that "Defendants" illegally searched Plaintiffs Niederstadt and Guilez's home and property, illegally seized Plaintiffs Niederstadt and Guilez's property, and illegally searched and detained Plaintiff Duffy, resulting in "personal injuries."

Plaintiffs' Complaint is problematic in two ways. First, it consists mainly of legal conclusions with almost no factual support. For example, it states that "Defendants seized [Plaintiff] Duffy and subjected him to a search and detention . . . without a warrant, reasonable suspicion, probable cause, or any other legal justification for doing so." [Doc. 1-1] at 3. "Seizure," "search," "detention," "reasonable suspicion," and "probable cause" are "legal conclusion(s)" that Plaintiffs have "couched as . . factual allegation(s)." *Twombly*, 550 U.S. at 555 (internal quotations omitted). The Court is not bound to accept these conclusions as true. *Id*. Plaintiffs have failed to state the *facts* that would entitle them to relief.

Second, the Complaint does not separate out the alleged actions of each Defendant. Instead, it reads as if all Defendants acted as one unit. *See* [Doc. 1-1] at 3−4 ("Defendants falsely represented to Duffy . . . . Defendants entered and searched the home and outbuildings . . . . Defendants seized and searched Duffy . . . . Defendants searched and seized the property of Niederstadt and Guilez."). "It is particularly important in [§ 1983 cases] that the complaint make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3 1242,

1250 (10th Cir. 2008). The Court cannot say that the Complaint, in its current state, provides adequate notice to Defendant. It certainly does not provide enough information for Defendant to determine whether he is entitled to assert a qualified immunity defense. *See Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 646 (10th Cir. 1988) ("The complaint should include 'all of the factual allegations necessary to sustain a conclusion that defendant violated clearly established law.' Thus, a defendant could, prior to filing an affirmative defense, challenge the complaint under Fed. R. Civ. P. 12(b)(6) on the ground that he or she is entitled to qualified immunity because the pleaded facts failed to show that his or her conduct violated clearly established law of which a reasonable person would have known." (citation omitted)).

However, as an exercise of its discretion, this Court has consistently endorsed the view that "if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Douglas v. Miller*, 864 F. Supp. 2d 1205, 1221 (W.D. Okla. 2012) ("Where a claim is dismissed pursuant to Fed. R. Civ. P. 12(b)(6), leave to amend to cure the deficiency should be granted unless the Court determines that an amendment would be futile."). Further, "[t]here is no . . . requirement that a plaintiff must request leave to amend by filing a separate motion as opposed to requesting leave to amend in a response to a motion to dismiss." *S2 Automation L.L.C. v. Micron Tech. Inc.*, 281 F.R.D. 487, 498 (D.N.M. 2012). This is often the most prudent course of conduct, particularly where a plaintiff has not yet amended his complaint.

Without expressing a view as to the merits of Plaintiffs' case, the Court believes that it is possible that an amended complaint with a more developed factual basis could state a plausible claim on which relief could be granted. Accordingly, the Court does not view amendment of the Complaint as futile and will grant Plaintiffs' request for leave to amend their Complaint.

## Conclusion

**IT IS THEREFORE ORDERED** that Defendant Eldridge's Motion to Dismiss for Failure to State a Claim [Doc. 19] is denied without prejudice. The Court will, in the interests of justice, grant Plaintiffs leave to amend their complaint by **September 6, 2016**. Defendant will be permitted to renew his Motion to Dismiss after Plaintiffs amends their complaint. If Plaintiffs fail to timely amend their Complaint, this case will be subject to dismissal without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**